# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDDY JIMENEZ<br>    #A-073-721-1259<br>VS.<br><br>JEFF SESSIONS, UNITED STATES ATTORNEY | CIVIL NO. 6:17-cv-00334<br><br>JUDGE DOHERTY<br><br>MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently before the court is a Motion to Dismiss filed on behalf of the respondents in the above-captioned *habeas corpus* action. [doc. 8]. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

A petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 was filed by *pro se* petitioner, Freddy Jimenez, on March 1, 2017 challenging his continued detention in post-removal-order custody. The petition alleges that petitioner was taken into ICE custody on August 16, 2013 and that he has remained in ICE custody since that date. The petition does not allege if an order of removal has been issued or whether such order has become final. However, the petition does allege that he is "well over the statute and law of 6 month limited" which the court construes as a claim that petitioner has been in post-removal-order custody pursuant to INA § 241 in excess of both the statutory 90 day removal period and

the jurisprudential six month removal period, and that his detention therefore violates the Constitution and principles set forth by the United States Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Accordingly, petitioner requested that this Court order his release from custody.

The Government responded to the petition by filing the instant Motion to Dismiss. In support of this Motion, the government presents documentation which establishes that the petitioner was removed from the United States to Guatemala on March 30, 2017, and thus, was released from post-removal-order detention on that date. *See* rec. doc. 8-2, Declaration of Richard A. Brooks.

At the time that this petition was filed, petitioner was in detention pursuant to the statutory authority of § 241 of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231, and he sought to have the Court review his post-removal-order detention. However, because the petitioner is no longer in custody, his challenge to his post-removal-order detention is now moot and should be dismissed. For this reason,

IT IS RECOMMENDED that the respondent's Motion to Dismiss [doc. 8] be GRANTED and that this petition be DENIED AND DISMISSED WITH PREJUDICE as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 31st day of May 2017.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**